## Edlin v. Commonwealth.

(Decided February 1, 1921.)

### Appeal from Hardin Circuit Court.

Criminal Law—Account Books—Entries—Evidence.—An account book kept and owned by a person other than the accused, though containing an entry of a date relating to the latter's whereabouts when the crime charged was committed, properly could not be introduced, or its contents read as evidence against him when on trial for the crime. But it was competent for the owner of the book and maker of the entries therein, when testifying as a witness, to refresh his recollection as to the material date shown by the entry in the book by examining the book and entry in the presence of the jury and then state, independently of the book, as was permitted by the court, such date and any fact showing its relevancy to the case known to him.

H. L. JAMES for appellant.

CHAS. I. DAWSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Harley Edlin, was indicted, tried and convicted in the court below of the crime of carnally knowing a female under sixteen years of age. His punishment was fixed by the verdict of a jury and judgment of the court at confinement in the penitentiary ten years.

On this appeal from the judgment of conviction he assigns two alleged errors for a reversal. First, the admission of incompetent evidence, consisting of the introduction against him on the trial of a book of accounts by a witness, Shawler. According to the Commonwealth's evidence the crime was committed by appellant April 21, 1919, at which time he claimed to have been in Jefferson county, and Shawler testified that he was then at work for him in the neighborhood of the crime, and attempted to read from the book of accounts to establish the truth of his statement. His introduction of the book and attempt to read therefrom was objected to by appellant and the objection sustained by the court, who

admonished counsel and the jury that the book could not be introduced or its entries read as evidence, but that the witness could examine the book for the purpose of refreshing his memory and then make, independently of the book, his statement regarding the fact inquired about. This the witness did after the exclusion of the book as evidence; and while it is true that he thereafter made certain statements regarding its contents which should have been omitted and which the court excluded, this was all caused and brought out by counsel for appellant on cross-examination.

· The book being incompetent was properly excluded, and considering the evidence of Shawler as a whole, we think his testimony as to the date in question given independently of the book and after refreshing his recollection from it, was properly allowed to go to the jury, and the court took great care in trying to exclude the book and its contents.

The second complaint is as to Shawler being allowed to remain in the court room before being introduced in rebuttal. Although the rule requiring witnesses to be absent had been announced, it does not appear that Shawler knew it, or that he had been told to retire. Under the circumstances we do not think his being permitted to testify an abuse of discretion on the part of the court. Carlton v. Comlth., 7 R. 165; Martin v. Comlth., 30th R. 1196; Duff v. Comlth., 153 Ky. 644.

It is only where, on consideration of the whole case, the Court of Appeals is satisfied the substantial rights of the appellant have been so prejudiced as to prevent a fair trial, a reversal will be granted.

As in this case the appellant had a fair trial and the evidence of his guilt is conclusive, the judgment is affirmed.